UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JESTER VETERINARY CLINIC, INC. | * | CIVIL ACTION NO. 23-169 |
| | * | |
| VERSUS | * | SECTION: "M"(1) |
| | * | |
| STATE FARM FIRE AND CASUALTY CO. | * | JUDGE BARRY W. ASHE |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion of JMJK, LLC to Intervene (Rec. Doc. 8). Because JMJK has not established a right to intervene or a basis for permissive intervention, the Motion to Intervene is DENIED.

Background

This is a Hurricane Ida insurance claim lawsuit initiated by Jester Veterinary clinic, Inc. on December 5, 2022, in Louisiana state court against its insurer State Farm Fire & Casualty Co. The case was removed to this Court and entered into the Streamlined Settlement Program for Hurricane Ida cases pursuant to the First Amendment to Case Management Order No. 1. (Rec. Doc. 4). The parties were scheduled to participate in mediation on June 7, 2023.[1]

Although Jester alleges in its petition that it owned the property in Westwego damaged by Hurricane Ida and insured by the State Farm policy at issue in this lawsuit, it is actually the lessee. The property owner—JMJK, LLC—now seeks to intervene in this suit. JMJK alleges that pursuant to the lease agreement between Jester[2] and JMJK, Jester was responsible for insurance coverage

---

[1] Counsel for Jester has reported to the Court that it and State Farm cancelled the mediation because they reached a settlement in principal the week before.

[2] JMJK also alleges that Jester erroneously identified itself and is actually Bernard Heinz Mayer, DVM, LLC, doing business as "Jester Veterinary Clinic." As the identity of the parties is not at issue, the Court refers to the plaintiff as Jester.

1

and repair of damage caused by windstorm or any other casualty. It alleges that Jester failed to pay all of its contractors resulting in a lien being filed on the property by Sunbelt Rentals, Inc. It alleges that Jester has failed to pay rent to JMJK since March of 2022. And it alleges that Jester negligently repaired the property.

Presently pending in the 24th Judicial District Court, for the Parish of Jefferson, Louisiana is a Petition for Sums Due filed by Sunbelt against JMJK. As part of its response to the petition, JMJK filed a reconventional demand against Jester and State Farm on February 22, 2023. The reconventional demand contains nearly identical allegations to the proposed complaint of intervention: that Jester failed to pay contractors, negligently repaired the premises, and failed to pay rent.

Of note, the insurance policy at issue in this lawsuit does not name JMJK as an additional insured or a loss payee. The insurance policy contains no provisions related to the payment of rent.

Nonetheless, JMJK argues that it is entitled to intervene in this action under Federal Rule of Civil Procedure 24(a)(2) because it has an interest as owner of the damaged property that Jester sued State Farm to obtain funds to repair. It argues further that its intervention should be allowed because it is timely. It submits that it did not learn that Jester had failed to repair the property or that there were outstanding costs until it was sued by Sunbelt.

Both Jester and State Farm oppose. State Farm argues that intervention is not appropriate under Rule 24(a) because the subject of the pending lawsuit is not the property, but Jester's insurance claim against State Farm. It insists that disposing of the instant suit without JMJK's participation will not impede JMJK's ability to protect its interest as it already has a reconventional demand pending in state court. State Farm argues further that JMJK has no right to permissive intervention under Rule 24(b) because its claims do not share common questions of law or fact

with the main action. It submits that JMJK's claims concern Jester's alleged breach of the lease between JMJK and Jester, but Jester's claims against State Farm concern alleged underpayments pursuant to the insurance policy between Jester and State Farm. State Farm argues further that the intervention is untimely because as property owner, JMJK should have known the condition of the repairs long before it was made a defendant in the Sunbelt lawsuit. Further, it points out that JMJK was served with that lawsuit in February 2023 and began threatening intervention at that time, but did not file the proposed intervention until months later.

Jester argues that JMJK lacks standing under the State Farm policy because it is not a named insured, an additional named insured, or an intended third-party beneficiary of the policy. Further, it argues that the policy against claim-splitting weighs against allowing the intervention. It submits that JMJK's claim against Jester and State Farm in the state court litigation is identical to the complaint of intervention it seeks to file here. It argues that to allow JMJK to pursue two causes of action on the same subject wastes scarce judicial resources and undermines the efficient and comprehensive disposition of cases.

In reply, JMJK argues that Jester has admitted that it has a duty to repair JMJK's property and Jester has threatened sanctions against JMJK if it sought to intervene in this case. It argues that this establishes that JMJK's interests are inadequately represented in this litigation. JMJK argues that its intervention will not lead to impermissible claim splitting because if it is allowed to join this lawsuit, the Court will then be able to remand the entire matter to state court.

Law and Analysis

1.  *Leave to Intervene*

"[A] motion to intervene as of right is governed by Federal Rule of Civil Procedure 24(a)(2)." Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005). Such a motion should be granted where:

> (1) the motion to intervene is timely; (2) the potential intervener (sic) asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

Id. (quoting Saldano v. Roach, 363 F.3d 545, 551 (5th Cir. 2004)). "Although failure to satisfy any one element precludes the applicant's right to intervene," the Fifth Circuit has explained that "[i]ntervention should generally be allowed where 'no one would be hurt and greater justice could be attained.'" Id. (quoting Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994).

To satisfy the requirement that the potential intervenor has an interest related to the property or transaction that forms the basis of the controversy, the potential intervenor must demonstrate an interest that is "direct, substantial, [and] legally protectable." Saldano, 363 F.3d at 551 (quoting John Doe No. 1 v. Glickman, 256 F.3d 371, 379 (5th Cir. 2001)) (alteration in original). For example, an "insurer's intervention to protect its subrogation interest in a plaintiff's recovery is cognizable as intervention of right under [Federal Rule of Civil Procedure] 24(a)." Chenevert v. Travelers Indem. Co., 746 F.3d 581, 588 (5th Cir. 2014); Campos v. Crescent Towing & Salvage Co., No. CIV.A. 01-1339, 2002 WL 31556349, at *1 (E.D. La. Nov. 15, 2002).

Even where someone is not entitled to intervene as of right, the court may nonetheless permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must

4

consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. R. 24(b)(3). Courts should also consider "whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues." League of United Latin Am. Citizens, Council No. 4434 v. Clements, 884 F.2d 185, 189 (5th Cir. 1989). "Permissive intervention 'is wholly discretionary with the [district] court . . . .'" New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470–71 (5th Cir. 1984) (quoting Wright & Miller, 7C Federal Practice and Procedure: Civil § 1913) (alteration in original).

Jester has cited Brothers Petroleum, LLC v. Underwriters at Lloyd's London, where a business owner sued its insurer for damage to its gas stations caused by Hurricane Katrina and where one of the property owners who had leased property to the business owner sought to intervene. No. CV 06-02836, 2007 WL 9780396, at *1 (E.D. La. Oct. 19, 2007). The magistrate judge denied the motion to intervene finding that the property owner had failed to establish it was entitled to intervene as of right or to intervene permissively. Id. at *4. As to intervention of right under Rule 24(a), the court found that the property owner had failed to establish a direct, substantial, and legally protectable interest in the insurance proceeds at issue. Id. The property owner was not a named insured; the insurance policy insured the sign, pumps, and improvements to the building—not the building itself; and there were no provisions regarding the plaintiff's failure to pay rent. Id. The court concluded that even if the property owner had "an economic interest in the insurance proceeds, such an interest is insufficient to justify the intervention of right." Id. The court also found permissive intervention under Rule 24(b) would be inappropriate because the fact that the property owner was the lessor did not, by itself, create the required

5

commonality of fact or law between the property owner's claims for breach of lease and the plaintiff's claim for non-payment of insurance proceeds. Id.

2. *JMJK's Proposed Complaint of Intervention*

This case is similar to the Brothers Petroleum case and the Court finds that the motion for intervention must be denied for the same reasons. First, JMJK has not established a right to intervene under Rule 24(a) because it has not shown a "direct, substantial, [and] legally protectable" interest in the insurance claim that is at issue in the present lawsuit. Although it alleges that Jester was obligated to insure the property, it does not allege any right to the insurance proceeds. It is not an additional insured under the policy. Nor is it a loss payee. Failure to meet any one of the Rule 24(a) factors is fatal.

Further, JMJK has not established that its claim shares a common question of law or fact with the main action such that permissive intervention under Rule 24(b) might be allowed. Its claim is for breach of the lease agreement between it and Jester. The present lawsuit concerns Jester's claim for breach of the insurance policy by State Farm. Although the damaged property and leased property are the same, the issues are not. The issues in the present lawsuit concern the extent of damages caused by Hurricane Ida, whether those damages are covered by the policy, and how much those damages are worth under the terms of the policy. The issues in the proposed intervention concern whether Jester negligently repaired the property, whether it failed to pay its contractors, and whether it failed to pay rent as required by the lease. In the absence of commonality with the present lawsuit, permissive intervention under Rule 24(b) would be inappropriate.

Because intervention is not available under the Federal Rules of Civil Procedure, the Court does not address Jester's claim splitting argument.

## Conclusion

JMJK has not established a right to intervene under Rule 24(a) or a basis to intervene permissively under Rule 24(b). Accordingly, its Motion to Intervene is DENIED.

New Orleans, Louisiana, this 15th day of June, 2023.

                                              Janis van Meerveld
                                    United States Magistrate Judge